UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALFREDO HERNANDEZ CRUZ, | ) | 1:06-CV-00112 LJO HC |
| Petitioner, | ) | |
| v. | ) | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| K. MENDOZA-POWERS, Warden, | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties having voluntarily consented to exercise of Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1), by order dated June 26, 2006, this case was assigned to the undersigned for all purposes, including entry of final judgment.

**BACKGROUND**[1]

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Kern, following his conviction by jury trial on July 18, 1986, of second degree murder in violation of California Penal Code § 187. See Exhibit A, Respondent's Answer (hereinafter "Answer"). Petitioner was sentenced to serve an indeterminate term of fifteen years to life plus one year. Id. Petitioner is currently housed at Avenal

---

[1] This information is derived from the petition for writ of habeas corpus, Respondent's answer to the petition, and Petitioner's traverse to Respondent's answer.

State Prison in Avenal, California.

By this petition, Petitioner does not challenge his underlying conviction and sentence. Rather, he challenges a disciplinary hearing held on April 5, 2004, in which Petitioner was found guilty of attempted battery on a non-prisoner, a violation of California Code of Regulations, title 15, section 3005(c). See Exhibit C, Respondent's Answer to Petition (hereinafter "Answer"). Specifically, on December 18, 2003, while Petitioner was incarcerated at the California Men's Colony, he approached a health services staff member, confronted her, and attempted to kiss her. See Exhibit B, Answer.

Petitioner appealed the matter administratively. Petitioner claimed the hearing officer had denied his request to confront the complaining staff member. On March 2, 2004, the appeal was granted and the hearing officer was ordered to re-issue the Rules Violation Report ("RVR"), re-hear the matter, and arrange to have the complainant available for questioning by Petitioner. See Exhibit F, Answer.

On April 5, 2004, a second disciplinary hearing was held based on the re-issued RVR. Petitioner was found guilty and assessed a 150-day credit forfeiture. See Exhibits D and G, Answer. He was also referred to the Institutional Classification Committee ("ICC") for a program review, a term in the Secured Housing Unit ("SHU"), and referral to another institution. Id.

On April 29, 2004, Petitioner appeared before the ICC for a SHU term review. See Exhibit G, Answer. Petitioner was assessed a five-month term in the SHU. Id. Subsequently, Petitioner was transferred to Avenal State Prison and placed in general population. See Exhibit H, Answer.

Petitioner then lodged an administrative appeal of the SHU term. On September 24, 2004, the appeal was denied at the Director's level. See Exhibit I, Answer. The SHU term was deemed justified. Id.

On April 6, 2005, Petitioner filed a petition for writ of habeas corpus in the Kings County Superior Court. See Exhibit J, Answer. On April 8, 2005, the petition was denied. See Exhibit C, Petition. The court determined there was ample evidence supporting the guilty finding. Id.

On October 3, 2005, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeals, Fifth Appellate District ("5th DCA"). See Exhibit K, Answer. On October 20,

1  2005, the appeal was summarily denied. <u>See</u> Exhibit B, Petition.

2   On November 17, 2005, Petitioner filed a petition for review before the California Supreme
3  Court. <u>See</u> Exhibit K, Answer. On January 4, 2006, the petition was summarily denied. <u>See</u> Exhibit
4  A, Petition.

5   On February 2, 2006, Petitioner filed the instant federal habeas petition in this Court.
6  Petitioner claims the California Department of Corrections ("CDC") erred in assessing the SHU
7  term. He claims the CDC erroneously interpreted state regulations and re-categorized the offense he
8  was found guilty of, attempted battery, to a different offense, attempted assault. He also claims the
9  evidence was insufficient to find him guilty of attempted battery.

10   On May 25, 2006, Respondent filed an answer to the petition. Respondent contends
11  Petitioner has failed to establish any grounds for federal habeas corpus relief. He further argues
12  Petitioner's claims are without merit since there was substantial evidence to support the finding of
13  guilt. On July 11, 2006, Petitioner filed a traverse to Respondent's answer.

14            **DISCUSSION**

15  I. Jurisdiction

16   Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant
17  to a judgment of a state court if the custody is in violation of the Constitution or laws or treaties of
18  the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362,
19  375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S.
20  Constitution. Petitioner was housed at Avenal State Prison when the instant petition was filed and
21  Avenal State Prison is located within the jurisdiction of this Court. 28 U.S.C. §§ 2254(a), 2241(d). If
22  a constitutional violation has resulted in the loss of time credits, such violation affects the duration of
23  a sentence, and the violation may be remedied by way of a petition for writ of habeas corpus. <u>Young</u>
24  <u>v. Kenny</u>, 907 F.2d 874, 876-78 (9th Cir. 1990).

25  II.  Standard of Review

26   This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody
27  pursuant to the judgment of a State court only on the ground that he is in custody in violation of the
28  Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

1    The AEDPA altered the standard of review that a federal habeas court must apply with
respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v.
Taylor, 529 U.S. 362 (2000). Under the AEDPA, an application for writ of habeas corpus will not be
granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved
an unreasonable application of, clearly established Federal law, as determined by the Supreme Court
of the United States;" or "resulted in a decision that was based on an unreasonable determination of
the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d);
Lockyer v. Andrade, 123 S.Ct. 1166 (2003), *disapproving the Ninth Circuit's approach in* Van Tran
v. Lindsey, 212 F.3d 1143 (9th Cir. 2000); Williams, 529 U.S. 362. "A federal habeas court may not
issue the writ simply because that court concludes in its independent judgment that the relevant state
court decision applied clearly established federal law erroneously or incorrectly." Lockyer, 123 S.Ct.
at 1175 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations
omitted).

While habeas corpus relief is an important instrument to assure that individuals are
constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Harris v. Nelson, 394 U.S.
286, 290 (1969), direct review of a criminal conviction is the primary method for a petitioner to
challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633 (1993). In addition, the state
court's factual determinations must be presumed correct, and the federal court must accept all factual
findings made by the state court unless the petitioner can rebut "the presumption of correctness by
clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765 (1995);
Thompson v. Keohane, 516 U.S. 99 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

III.  Review of Petition

A.  Failure to State a Cognizable Claim

Petitioner first claims the CDC misinterpreted state regulations and mischaracterized his
offense of attempted battery to qualify as a "SHU-able" offense. Respondent correctly argues that
this claim does not present a federal issue.

Petitioner's claim centers on the CDC's interpretation of a state regulation. Because the issue
is one of state law, the claim is not cognizable on federal habeas review. Estelle v. McGuire, 502

U.S. 62, 67, (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' "), *quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-49 (1993) (O'Connor, J., concurring) ("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas"); Tinsley v. Borg, 895 F.2d 520, 530 (9th Cir.1990), *cert. denied*, 498 U.S. 1091 (1991) ("incorrect" evidentiary rulings are not the basis for federal habeas relief); Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989) (Federal courts are bound by state court rulings on questions of state law).

### B. Mootness

Respondent further argues the petition is moot because Petitioner has already served his 5-month SHU term and is now back in general population.

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183 (1984). The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 406 (1971) *per curiam*, *quoting* Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241, 57 S.Ct. 461, 463-464 (1937).

In this case, Petitioner challenges the assessment of a 5-month SHU term. As stated by Respondent, Petitioner has long since completed this 5-month term. Since a favorable ruling for Petitioner in this case would have no effect on his custody or the length of his confinement, the case is now moot and the petition should be dismissed.

### C. Sufficiency of the Evidence

Petitioner contends he was wrongly found guilty of attempted battery because the evidence was insufficient to support the finding.

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be

1   diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418
2   U.S. 539, 555 (1974).  Prison disciplinary proceedings are not part of a criminal prosecution, so a
3   prisoner is not afforded the full panoply of rights in such proceedings.  Id. at 556.  Thus, a prisoner's
4   due process rights are moderated by the "legitimate institutional needs" of a prison.  Bostic v.
5   Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), *citing* Superintendent, etc. v. Hill, 472 U.S. 445, 454-
6   455 (1984).

7          However, when a prison disciplinary proceeding may result in the loss of good time credits,
8   due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the
9   disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional
10  goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement
11  by the factfinder of the evidence relied on and the reasons for the disciplinary action.  Hill, 472 U.S.
12  at 454; Wolff, 418 U.S. at 563-567.  In addition, due process requires that the decision be supported
13  by "some evidence."  Hill, 472 U.S. at 455, *citing* United States ex rel. Vatauer v. Commissioner of
14  Immigration, 273 U.S. 103, 106 (1927)

15         Petitioner does not argue that he was deprived of his procedural due process rights; he argues
16  only that the decision was not supported by the evidence. A review of the RVR, the administrative
17  appeals, and the state court decisions demonstrates that the decision was indeed supported by ample
18  evidence.

19         Petitioner was charged with attempted battery on a health services employee. On
20  December 18, 2003, Petitioner was assigned to assist health services staff member D. Johnson in
21  obtaining medical supplies in the Gym Medical Supply Annex at California Men's Colony. See
22  Exhibit B, Answer. While Johnson was looking over paperwork, Petitioner approached her, leaned
23  toward her, and attempted to kiss her. Id. She responded by throwing her arms in an upward motion
24  to block his attempt and succeeded in pushing him away. Id. She kept flailing her arms to keep him
25  away and yelled at him to "get away." Id. In her statement, she admitted being afraid for her safety
26  due to Petitioner's sudden movements. Id. After she yelled and fought Petitioner back, Petitioner
27  responded by running out of the immediate area to the outside of the building. Id. Approximately ten
28  minutes later as she exited the room, Petitioner again confronted her and stated, "You've got good

1  reflexes." Id. She later prepared a serious RVR regarding the incident.

2  When contacted by investigating staff, Petitioner admitted he had approached Johnson in the
3  medical supply annex. Id. He admitted that he leaned toward Johnson coming within one foot of her
4  face and stated, "Merry Christmas." Id. Petitioner stated he was joking but did not attempt to kiss
5  her. Id. He stated she responded to his actions by waving her arms in front of him. Id. Petitioner
6  stated he then brought his own fists up and motioned side-to-side jokingly. Id. He admitted he
7  "stepped over the line." Id.

8  Based on the complainant's account of the events and Petitioner's own admissions, it is clear
9  there was ample evidence supporting the finding of guilt. The state court adjudication of Petitioner's
10 claims did not result in a decision that was contrary to clearly established Federal law or a decision
11 that was based on an unreasonable determination of the facts in light of the evidence presented. 28
12 U.S.C. § 2254(d). Therefore, the petition must be denied.

### ORDER

Accordingly, IT IS HEREBY ORDERED that the petition for a writ of habeas corpus is
DENIED.  The Clerk of Court is DIRECTED to enter judgment for Respondent.
IT IS SO ORDERED.

**Dated:     February 1, 2007**           /s/ Lawrence J. O'Neill
b9ed48                                    UNITED STATES MAGISTRATE JUDGE